**Howard E. BOODY, Jr.,
Plaintiff-Appellant,**

v.

**John C. GARRISON and Tom T. Pace, Jr. Insurance Agency, Inc., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 4, 1981.

Application for Permission to Appeal Denied by Supreme Court June 14, 1982.

W. P. Boone Dougherty, Knoxville, for plaintiff-appellant.

William P. Newkirk, Knoxville, for Tom T. Pace, Jr. Ins. Agency, Inc.

Joseph G. Coker, Jacksboro, for appellee John C. Garrison.

## OPINION

GODDARD, Judge.

Howard E. Boody, Jr., Plaintiff-Appellant, appeals an order of the Circuit Court for Knox County which dismissed his defamation suit against Tom T. Pace, Jr. Insurance Agency, Inc., and its President, John C. Garrison, Defendants-Appellees.

He insists the Trial Court was in error in holding that responses made by Mr. Garrison to questions posed by a council member relative to matters under consideration by the council were absolutely privileged, and consequently not actionable.

At the outset, we note that it is not clear from the complaint that the question to which Mr. Garrison responded was asked by a council member, and it is arguable that the colloquy was not relevant. However, for the purposes of this opinion we will indulge assumptions as to both which are favorable to the Defendants' position.

It appears from the complaint that Mr. Garrison, representing the Insurance Agency, voluntarily appeared before the City Council of Norris to make a presentation for a proposed insurance plan for the city. When asked by a council member why Mr. Boody, who was a resident of Norris and a former employee of the Agency, was not involved in the presentation, Mr. Garrison responded with the statements alleged to be defamatory.

In this jurisdiction the absolute privilege accorded judicial and quasi-judicial proceedings has been extended to include remarks made by city council members germane to the subject at hand. *Cornett v. Fetzer*, 604 S.W.2d 62 (Tenn.App.1980). The rationale, as stated by Judge Parrott, is as follows (at page 63):

Through Article 1, Section 6, of the United States Constitution, the concept of absolute privilege is conferred upon members of Congress with respect to defamatory matters published in the performance of their legislative function. 50 A.L.R.2d, Libel and Slander, § 221. The Constitution of this State also embodies the concept of absolute privilege in Tenn. Const. Art. 2, § 13:

Senators and Representatives shall, in all cases, except treason, felony, or breach of the peace, be privileged from arrest during the session of the General Assembly, and in going to and returning from the same; and for any speech or debate in either House, they shall not be questioned in any other place.

These constitutional provisions reflect the obvious policy determination that the im-

portance of legislators freely speaking their minds outweighs the countervailing argument that those people who are defamed should be able to recover damages for injury to their reputations.

We feel that the above policy is equally relevant and should apply with equal weight with regard to subordinate legislative bodies. Such lesser legislative entities make important social and economic decisions that many times affect our lives to a greater degree than do decisions made by our state legislators and congressmen. If the utterances of members of the legislative bodies such as city councils are not cloaked with an absolute privilege, an unwarranted consideration—personal monetary liability—will be interjected into a councilman's decision making process. This, we feel, would have the unavoidable effect of inhibiting the independent and forceful debate out of which decisions which best serve the interests of the populace are borne.

Thus, if the remarks had been made by a commission member, the Trial Court's action would have unquestionably been correct.

Counsel for the Plaintiff, however, points out that *Cornett* speaks of "city council members," and then contends that the rule should not be extended to others.

On the other hand the Defendants argue that the rationale of the rule—permitting free, frank and robust discussion relative to public issues—should apply with as much force to a person answering a council member's question as to the remarks by a council member himself. Additionally, we note that the privilege accorded judicial proceedings, which of course includes witnesses, has been extended to include witnesses in legislative hearings. *Logan's Super Markets v. McCalla*, 208 Tenn. 68, 343 S.W.2d 892 (1961). The persuasive force of this analogy, however, is diluted to a degree when we remember as to both a person may be punished for refusing to testify or prosecuted for testifying falsely.

We are keenly aware, as was stated by the Supreme Court of Massachusetts in *Sheppard v. Bryant*, 191 Mass. 591, 78 N.E. 394, 400 (1906) (quoted with approval in *Logan's Super Markets*) that we are dealing with two important rights:

This rule of privilege is a compromise between two important rights, the one being the right of an individual to be free from attack by malicious words and the other the right public and private of a thorough investigation when necessary by some tribunal before which the witnesses may speak without fear. The reason for the rule is applicable as much to a hearing before a committee of the Legislature as to a court of justice.

While this is a close question, we are persuaded that, upon reading *Logan's Super Markets* (which holds an absolute privilege is accorded witnesses testifying before legislative hearings) and *Cornett* (which grants absolute privilege to members of subordinate legislative bodies) together, the privilege extends only to those testifying at hearings—if there be such—before the subordinate body. We hasten to add, however, that the law affords the Defendants at least one complete defense if they can show Mr. Garrison spoke the truth, and perhaps another if they can show that they are entitled to the protection of a qualified privilege.

For the foregoing reasons the issue on appeal is found favorably to the Plaintiff, the Trial Court reversed and the cause remanded to the Circuit Court for Knox County for further proceedings. The costs of appeal are adjudged against the Defendants.

PARROTT, P. J., and SANDERS, J., concur.